Amy J. Wallace, State Bar of AZ #9581
**GILLESPIE, SHIELDS & DURRANT**
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax:  (602) 870-9783
E-mail: awallace@gillaw.com
Send Court Documents to: mailroom@gillaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICIA A. PICCARRETA, <br><br> Plaintiff, <br><br> vs. <br><br> HARMONY HOSPICE OF SCOTTSDALE, LLC, an Arizona limited liability company; and THE HOSPICE OF SCOTTSDALE, LLC, an Arizona limited liability company, <br><br> Defendants. | Case # CV <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Patricia A. Piccarreta ("Piccarreta") alleges the following facts and claims against the Defendants, and demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a) and 38(a, b).

### TWO CLAIMS PRESENTED

**Count One**: Failure to Conduct a Reasonable Accommodations Discussion, and to Provide Reasonable Accommodations as Required by the Americans with Disabilities Act in violation of 42 U.S.C. 12112 (b)(5)(A)

1

**Count Two**: Retaliation (Unlawful Termination) in Violation of the Americans with Disabilities Act in violation of 42 U.S.C. 12203 (a)

## FACT ALLEGATIONS AND JURISDICTION

1. Piccarreta is, and has been at all times material to this Complaint, an adult female resident of Maricopa County, Arizona and a registered nurse, licensed as such by the Arizona Board of Nursing.  She was initially licensed as such by the California Board of Nursing and has been continuously and licensed as a registered nurse by the Arizona Board of Nursing since 1982.

2. Defendant "Harmony Hospice of Scottsdale, LLC" is, and has been at all times material to this Complaint (A) an Arizona limited liability company with its principal place of business located in Maricopa County, Arizona,  (B) a provider of hospice and medical and health care services, (C) employing Lizabeth Stephens, R.N., as its local hospice administrator, and (D) a hospice service agency as that term is defined by A.R.S. 36-401 (23-25), which is required to be licensed and regulated pursuant to A.R.S. 36-407 and Rules adopted by the Director of the Arizona Department of Health Services pursuant to A.R.S. 36-405 (A,B).

3. Defendant "The Hospice of Scottsdale, LLC" is, and has been at all times material to this Complaint (A) an Arizona limited liability company with its principal place of business located in Maricopa County, Arizona,  (B) a provider of hospice and medical and health care services, (C) employing Lizabeth Stephens, R.N., as its local hospice administrator, and (D) a hospice service agency as that term is defined by A.R.S. 36-401 (23-25), which is required to be licensed and regulated pursuant to A.R.S. 36-407 and Rules adopted by the Director of the Arizona Department of Health Services pursuant to A.R.S. 36-405 (A,B).

4.   These two Defendants, paragraphs two and three supra, are collectively referred hereinafter to as "Hospice" and were, at all times material to this Complaint, the joint employer of Piccarreta as that term is defined in 42 U.S.C. 12111(5)(A).

5. At all times material to this Complaint, Piccarreta was an "employee" of Hospice as that term is defined in 42 U.S.C. 12111(4).

6. Both claims in this Complaint arise from and are based upon federal law, the Americans with Disabilities Act, Subchapter 1 (Employment), 42 U.S.C. 12111 et seq. Therefore this Court has jurisdiction over both claims, pursuant to 42 U.S.C. 12117(a), 42 U.S.C. 2000e-5(f)3 and 28 U.S.C. 1331.

7. Piccarreta was hired by Hospice and began her employment with Hospice on November 7, 2009. Her duties (until shortly before her constructive discharge) were to serve as compliance officer and registered nurse.

8. Piccarreta was hired by Hospice with full knowledge of her disability of rheumatoid arthritis ("RA"). Despite this knowledge, Hospice never provided Piccarreta with a workplace with reasonable accommodations for her RA disability.

9. On or about August 16, 2010, Hospice Administrator and Piccarreta's supervisor, Lizabeth Stephens ("Stephens") accused Piccarreta of being incompetent and using poor judgment although Stephens provided Piccarreta with no details regarding the alleged incompetence and poor judgment. Stephens also did not allow Piccarreta to respond to these allegations.

10. Piccarreta then complained to Stephens that this was discriminatory treatment based on her disability. In response, Stephens took away Piccarreta's primary duties and took away the reasonable accommodations Piccarreta needed to do her work. Stephens told Piccarreta's co-workers that Piccarreta's disability was "only getting worse" and that Piccarreta need to do some "soul-searching."

11. At all times, Piccarreta had performed her work duties for Hospice in a very competent, dependable, loyal and satisfactory manner.

12. Shortly after Stephens' comments to Piccarreta, Hospice (by Stephens) further retaliated against Piccarreta by (A) reducing her rate of pay from $50 per hour to $15 per hour,

(B) reducing her weekly work hours down to 19.5 hours, (C) reassigning her from professional to clerical duties, (D) giving her a workspace that was inadequate and extremely uncomfortable given her known disability, (E) creating a hostile, hypercritical work environment, and (F) refusing to pay her wages in a timely manner which factors collectively became so intolerable that Plaintiff felt compelled to resign on November 11, 2010.

13. As the direct and proximate result of Hospice's conduct alleged herein, Piccarreta has suffered damages including, inter alia, extreme stress which has aggravated her rheumatoid arthritis disability, fear, depression, humiliation, embarrassment, loss of income and career at Hospice which she planned to continue until retirement, loss of friendships she enjoyed at Hospice with co-workers and the likelihood of continuing unemployment because of her age (she was fifty-one years old when she was fired by Hospice) and the fact that she will have particular difficulty finding new employment because of her RA.

14. Since her termination by Hospice, Piccarreta has made diligent efforts to find hew suitable employment but has been unsuccessful.

**EEOC Charge-Exhaustion Requirement**

15. Based upon these facts supra, on August 25, 2011, Piccarreta filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated and retaliated against based on her disability, Charge # 540-2011-03093. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

16. On January 19, 2012, the EEOC issued its Notice of Right to Sue to Piccarreta, in response to charge # 540-2011-03093, supra. A true copy of that EEOC Notice is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

## DEMAND FOR TRIAL BY JURY

Piccarreta demands a trial by jury on Count One, pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c), and Federal Rules of Civil Procedure Rule 38 (a,b).

## RELIEF REQUESTED

Based upon the foregoing, Piccarreta respectfully requests the following relief against the Defendants (Hospice) jointly and severally, as follows:

Count One:  Failure to Conduct a Reasonable Accommodations Discussion, and to Provide Reasonable Accommodations as Required by the Americans with Disabilities Act in violation of 42 U.S.C. 12112 (b)(5)(A)

1. Compensatory damages, pursuant to 42 U.S.C. 1981a

2. Punitive damages, pursuant to 42 U.S.C. 1981a

3. Injunctive relief, pursuant to 42 U.S.C. 1981a

4. Reasonable attorney's fees and expert fees and costs, pursuant to 42 U.S.C. 12205, and Federal Rules of Civil Procedure Rule 54(d) 1,2, and 28 U.S.C. 1920

Count Two: Retaliation (Unlawful Termination) in Violation of the Americans with Disabilities Act in violation of 42 U.S.C. 12203 (a)

1. Injunctive relief pursuant to 42 U.S.C. 12203(C), 42 U.S.C. 12117(a), and 42 U.S.C. 2000e-5(g)1, including, inter alia, back pay and front pay

2. Reasonable attorney's fees and expert fees and costs, pursuant to 42 U.S.C. 12205, and Federal Rules of Civil Procedure Rule 54(d) 1, 2, and 28 U.S.C. 1920

Respectfully submitted this 13th day of March, 2012.

**GILLESPIE, SHIELDS & DURANT**

S/AMY J. WALLACE
  Amy J. Wallace
  Attorneys for Plaintiff Patricia Piccarreta

## **ATTACHED EXHIBITS**

Exhibit "1"--Plaintiff's EEOC Charge, #540-2011-03093 (filed August 25, 2011)

Exhibit "2"--Notice of Right-to-Sue issued by EEOC (dated January 19, 2012)