**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia A. Piccarreta,<br><br>          Plaintiff,<br><br>v.<br><br>Harmony Hospice of Scottsdale LLC, et al.,<br><br>          Defendants. | No. CV-12-00533-PHX-DGC<br><br>**ORDER** |

Plaintiff brought an action under the Americans with Disabilities Act ("ADA") for failure to provide reasonable accommodations, retaliation, and constructive discharge. Doc. 1 at 1-2. Defendants have filed a motion for summary judgment. Doc. 26. The motion is fully briefed and no party has requested oral argument. For the following reasons, the Court will deny Defendants' motion.

**I.     Background Facts.**

Defendants are hospice providers licensed by the Arizona Department of Health Services and the U.S. Social Security Administration. Plaintiff was hired by Harmony Hospice as a weekend coverage nurse and community liaison on October 28, 2009, and was employed through November 11, 2010. During her employment, Plaintiff informed Defendant of her disability, described in Plaintiff's complaint as rheumatoid arthritis, bilateral lower extremity 4+ lymphatic edema, chronic severe pain, and hypo thyrodism.

Defendant transferred Plaintiff to Legacy Hospice on February 15, 2010, to serve as a part time weekend on-call nurse at a rate of $750 per weekend plus $1.50 per hour

for on-call time and mileage reimbursement. On August 5, 2010, Defendant suspended Plaintiff's clinical weekend work and reduced her assignment to 20 hours per week. Later in August 2010, Defendants assigned Plaintiff transfer and admissions duties. Early in September 2010, Plaintiff was reassigned to patient admissions.

On September 27, 2010, Plaintiff was offered a position as a personal assistant. This offer was witnessed by a social worker – Carol Martich – who stated that Plaintiff was given an opportunity to express any concerns and that she did not allege any failure to accommodate her disability. On September 29 and October 1, 2010, Plaintiff sent emails accepting the new position as a personal assistant. On October 3, 2010, Plaintiff informed management that she was looking for another part time job to supplement her income that had been reduced as a result of her decreased pay scale and hours worked.

Staff reported to CEO Lizabeth Stephens that Plaintiff had been complaining that the hospice was a hostile working environment. On October 7, 2010, Ms. Stephens met with Plaintiff in the presence of Carol Martich to determine what Plaintiff considered to be hostile. Plaintiff resigned on November 16, 2010. Plaintiff began this action under the ADA on March 13, 2012.

## II.     Legal Standard.

### A.     Summary Judgment.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Failure to Accommodate.

To establish a prima facie case of disability discrimination based on failure to accommodate, a plaintiff must establish: (1) he is disabled within the meaning of the ADA, 42 U.S.C. § 12101, *et seq.*, 29 C.F.R. § 1630.2(g); (2) he is qualified with a disability, 29 C.F.R. § 1630.2(m), 1630.3; and (3) the employer failed in its duty to make reasonable accommodation for the employee's disability or he suffered an adverse employment action because of his disability, 29 C.F.R. § 1630.9. *See Fuller v. Frank, Postmaster General*, 916 F.2d 558, 561 (9th Cir. 1990); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996). If the Plaintiff establishes a prima facie case, the burden shifts to the employer to show: (1) the accommodation requested was unreasonable or would impose an undue hardship on the employer, 29 C.F.R. § 1630.15(d); or (2) a legitimate, non-discriminatory reason prompted the employment action in question. *See Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir. 1990); *Steckl v. Motorola*, 703 F.2d 392, 393 (9th Cir. 1983). Once the employer offers an acceptable explanation for the employment action, the burden shifts back to the plaintiff to show that the reasons proffered are merely pretextual. *Smith*, 914 F.2d at 1340.

### C. Retaliation.

To establish a prima facie case of retaliation, a plaintiff must establish: (1) he engaged in protected activity; (2) the employer subjected him to adverse employment action as a result of the protected activity; and (3) there was a causal link between the protected activity and the employer's action. *Bergene v. Salt River Project Agric. Imp. and Power Dist.*, 272 F.3d 1136 (9th Cir. 2001). The same burden shifting analysis employed in failure to accommodate claims applies in retaliation claims. *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997).

## III. Analysis.

### A. Timeliness of Plaintiff's Response.

Defendants request that the Court disregard the Plaintiff's response to Defendants' motion for summary judgment because it was filed one business day after the filing

deadline. Doc. 38 at 1-2. Although Plaintiff presents no valid excuse for failing to comply with the filing deadline, the Court will not grant Defendants' request. The Rules of Civil Procedure are "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). The Court will consider Plaintiff's response.

### B. Evidentiary Objections.

The Court may consider only evidence that would be admissible at trial in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(2); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Plaintiff challenges the admissibility of evidence proffered by Defendants in support of their motion for summary judgment. Defendants likewise challenge the admissibility of Plaintiff's evidence.

Defendants' exhibit 1, 2, 5, 7, 8, 9, 13, 14, 15, 16, 22, and 27 are hearsay. Each exhibit is a writing offered to prove the truth of the matters it asserts. Defendants have not argued that these documents are excepted or excluded as non-hearsay under any of the Federal Rules of Evidence. Nor have they provided an affidavit showing that these documents would be admissible under Rule 803(6) or some other hearsay exception. As a result, these exhibits may not be considered on this motion for summary judgment.

Defendants' exhibits 17 and 23 are also hearsay. These written statements by Carol Martich are not signed under oath or made under penalty of perjury, and therefore do not qualify as affidavits or unsworn declarations under 28 U.S.C. § 1746. They are offered into evidence to prove the truth of the matters asserted. No argument has been made by Defendants to except or exclude these exhibits from the hearsay rule, and they cannot be considered on this motion for summary judgment.

The affidavits of Marcia Villa (Doc. 26-2 at 22), Carol Martich (Doc. 26-3 at 38), and Edward Slattery, Jr. (Doc. 39-1 at 2) may be considered on a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). The affidavits of Plaintiff (Doc. 34-1 at 2), Beverly Kosierowski (*id*. at 10), and Mary Carlson (*id*. at 14) may be considered as well. *Id*. The Court will also consider documents submitted by Plaintiff and Defendants to which no

objection has been made.

### C. Failure to Accommodate.

Defendants and Plaintiff present dramatically different narratives of Plaintiff's employment history and Defendants' accommodation of Plaintiff's disability. Plaintiff has provided admissible evidence to satisfy her prima facie case: (1) it is undisputed that Plaintiff suffered from rheumatoid arthritis; (2) it is undisputed that Defendants were aware of the disability when Plaintiff was hired and that both parties believed she was qualified for her position; and (3) Plaintiff has cited and submitted evidence that Defendants failed to accommodate her disability by refusing her requests to work from home on some occasions and by refusing to allow her to put her feet up at work (Docs. 26-2 at 14, 34-1 at 6, 11). Plaintiff has also produced evidence – specifically, the statement made by a supervisor that Plaintiff "had to go" – that Defendants' explanation for adverse employment action against Plaintiff was pretextual. Evaluating the facts in the light most favorable to Plaintiff, there is a genuine issue of material fact that precludes summary judgment on the failure to accommodate claim.

### D. Retaliation.

Plaintiff argues that her protected activity consisted of requests to work at home and requests to elevate her feet when she was at work. Doc. 35 at 6. In short, she argues that her protected activity consisted of mere requests for accommodation. Protected activity generally involves actions necessary to "[p]ursu[e] one's rights under the ADA[.]" *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840 (9th Cir. 2004); *McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999) (stating that "vigorously asserting [one's] rights" under the ADA constituted protected activity); *Hashimoto v. Dalton*, 118 F.3d 671, 679-80 (9th Cir. 1997) (determining that meeting with an Equal Employment Opportunity counselor to discuss sex and race discrimination constituted protected activity). Requests for accommodation combined with complaints about perceived discrimination can constitute protected activity. *See Connor v. Quest Diagnostics, Inc.*, 298 Fed.Appx. 564, 565-66 (9th Cir. 2008). Many courts have also

1  held that requests for accommodation unaccompanied by complaints of discrimination
2  constitute protected activity. *See Carreras v. Sajo, Garcia & Partners*, 596 F.3d 25, 35-
3  36 (1st Cir. 2010) ("It is well established that requesting an accommodation, without
4  filing a formal charge or engaging in other specific behaviors listed in § 12203(a), is
5  nonetheless behavior protected from an employer's retaliation.") (quotation omitted);
6  *Kirkeberg v. Canadian Pacific Ry.*, 619 F.3d 898, 907-08 (8th Cir. 2010) ("[A]lthough it
7  is questionable whether an employee who merely requests a reasonable accommodation
8  fits within the literal language of the statute . . . we are bound . . . to conclude that making
9  such a request is protected activity for purposes of 42 U.S.C. § 12203(a).") (quotation
10 omitted).  The requests identified by Plaintiff therefore constitute protected activity
11 within the contemplation of the ADA.

12 Defendant argues that Plaintiff cannot demonstrate adverse employment action.
13 Doc. 38 at 8.  To demonstrate such action, "a plaintiff must show that a reasonable
14 employee would have found the challenged action materially adverse, which in this
15 context means it well might have dissuaded a reasonable worker from making or
16 supporting a charge of discrimination."  *Burlington Northern & Santa Fe Ry. Co. v.
17 White*, 548 U.S. 53, 68 (2006) (quotation omitted).  "Whether a particular reassignment is
18 materially adverse depends upon the circumstances of the particular case, and should be
19 judged from the perspective of a reasonable person in the plaintiff's position, considering
20 all the circumstances." *Id*. at 71.[1]

21 Plaintiff cites four separate employment actions that she claims were materially
22 adverse.  All four involved a transfer, and each effectively amounted to a demotion in pay
23 and responsibilities.  Doc. 35 at 6.  Courts have found similar actions to be materially
24 adverse. *See White*, 548 U.S. 53 (concluding that a change in work assignment
25 constituted adverse employment action); *Brooks v. City of San Mateo*, 229 F.3d 917 (9th
26 Cir. 2000) (noting that dissemination of a negative employment reference, issuance of an

---

28 [1] Defendants argue that Plaintiff must demonstrate retaliatory motive as part of the second prong.  Doc. 38 at 8; *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).  To the extent *Ray* requires retaliatory motive, it has been overruled by *White*.

underserved negative performance review, and refusal to consider for promotion constitute adverse employment actions). Defendants present evidence suggesting that the employment actions were motivated by Plaintiff's faulty job performance, but Plaintiff has proffered evidence that Defendants' justifications were pretextual. The Court concludes that the parties' evidence creates a genuine dispute of fact, and that a reasonable jury could find that the transfers amounted to adverse employment actions.

Defendant argues that Plaintiff cannot demonstrate a causal link because "Defendants received no indication of Plaintiff's conduct which would constitute protected activity until after the alleged adverse action." Doc. 26 at 15. This argument relies on the faulty assumption that Plaintiff's only protected activity involved her consultation with an lawyer. Because Plaintiff's requests for accommodation may constitute protected activity, and Plaintiff has presented evidence that she was subjected to four adverse employment actions within a year after she engaged in such protected activity, Plaintiff has presented sufficient evidence of causation to survive summary judgment. *See Passatino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) (finding that retaliatory intent may be inferred when adverse employment decisions are taken within a reasonable period of time after a plaintiff has engaged in protected activity); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (holding that evidence based on timing can be sufficient to let the issue of retaliatory motive go to the jury, even in the face of alternative reasons proffered by the defendant).

### E. Constructive Discharge.

"Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Poland v. Chertoff*, 494 F.3d 1174, 1184-85 (9th Cir. 2007). The doctrine requires the factfinder to conduct an objective inquiry and answer the question: "did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?" *Penn. State Police v. Suders*, 542 U.S.

129, 141 (2004).  A constructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his employer. *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).  The bar is set higher for a claim of constructive discharge because federal and state antidiscrimination policies are better served when the employee and employer address discrimination within their employment relationship rather than when the employee walks away and later litigates whether his employment situation was intolerable. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1134 (9th Cir. 1986); *see also Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 494 (8th Cir. 1996) ("An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged.").

When the evidence is viewed in the light most favorable to Plaintiff, the Court concludes that a genuine issue of material fact exists on the claim of constructive discharge.  Plaintiff was an experienced nurse and administrator who was hired by Defendants to perform clinical and administrative duties.  Over time, she was steadily demoted to increasingly menial tasks, her pay was reduced, and at least some of her requests for accommodations were denied.  When Plaintiff resigned, she had been reduced from a full-time nurse and administrator to a part-time personal assistant to the very person who was responsible for her demotions.  A jury must decide whether these working conditions were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 26) is **denied**.
2. Plaintiff's motion to strike (Doc. 41) is **denied as moot**.
3. The Court will set a final pretrial conference by separate order.

Dated this 21st day of November, 2013.

_____
David G. Campbell
United States District Judge