**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia A. Piccarreta, | No. CV-12-00533-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Harmony Hospice of Scottsdale LLC, et al., | |
| Defendants. | |

Plaintiff has moved for a default judgment pursuant to Rule 55(b) and the Court's March 4, 2014 order directing her to do so. Doc. 64. Defendant has not responded. The Court will grant the motion.

**I.    Background.**

Plaintiff filed this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, against her former employer, Harmony Hospice of Scottsdale, LLC and the Hospice of Scottsdale, LLC, alleging failure to provide reasonable accommodation for her disability and retaliation in employment. Doc. 1. Both Defendants thereafter filed Articles of Termination with the Arizona Corporation Commission, and Defendants' counsel was permitted to withdraw after the Court made clear that his withdrawal would result in a default judgment. Docs. 63.

**II.    The Motion for Default Judgment.**

The Court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the

sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Defendants' counsel has withdrawn and Defendants as entities are in the process of termination. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)). A review of Plaintiff's complaint and the exhibits attached thereto shows that Plaintiff has stated valid causes of action against Defendants. *See* Doc. 1.

### C. The Amount of Money at Stake.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176-77. Plaintiff seeks compensatory damages of $50,000, the statutory limit for an employer of Defendants' size, and injunctive relief in the form of back pay totaling $213,660 for violations of 42 U.S.C. § 12112 (b)(5)(A) and 42 U.S.C. 12203(a). Plaintiff has submitted an affidavit in support of her request for back pay, detailing her wags and hours missed. Defendants do not dispute this evidence.

### D. Possible Dispute Concerning Material Facts.

Upon entry of default, "the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

There is no evidence of excusable neglect by Defendants, whose counsel withdrew from the case.  Defendants have offered no argument that default is excusable.

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).  The withdrawal of defense counsel in this case "makes a decision on the merits impractical, if not impossible." *Id.*  The Court therefore is not precluded from entering default judgment against Defendants.  *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G. Conclusion.

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that entry of default judgment is appropriate.  The Court will grant default judgment against Defendants in the amount of $263,660 for violations of Title 42 U.S.C. §§ 12112(b)(5)(A) and 12203(a).

## III. Attorney's Fees.

Plaintiff has also requested an award of attorneys' fees and costs under 42 U.S.C. § 12205 in the amount of $50,394.10.  Doc. 64 at 6-7.  Plaintiff's attorneys have submitted an affidavit in support and a billing detail for 193.50 hours worked over the course of two years.  Defendants have not disputed these amounts.  The Court finds the amount requested to be reasonable and will grant Plaintiff's request for attorney's fees.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 64) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants

Harmony Hospice of Scottsdale, LLC and Hospice of Scottsdale, LLC in the amount of $263,660.

3. Plaintiff's request for attorney's fees is **granted** in the amount of $50,394.10.

4. Defendants' motion in limine (Doc. 52) is found to be **moot**.

Dated this 6th day of May, 2014.

_____
David G. Campbell
United States District Judge